## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LISA BULLOCK INDIVIDUALLY AND** | * | **CIVIL ACTION NO.** |
| **OBO HER MINOR CHILD MAKYLAH** | * | |
| **BULLOCK** | * | **SECTION:** |
|     **Plaintiffs** | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| **OLD REPUBLIC INSURANCE COMPANY,** | * | |
| **LANDSTAR RANGER, INC. AND JAKE** | | |
| **WATERBURY** | | |
|     **Defendants** | | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## <u>COMPLAINT</u>

    **NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Lisa Bullock, individually and OBO of her minor child, Makylah Bullock, a person of the full age of majority and a resident of Gulfport, Mississippi, whom, with respect, shows the Court as follows:

I.

That made Defendants herein are the following:

    a. OLD REPUBLIC INSURANCE COMPANY, ("REPUBLIC INSURANCE"), upon information and belief, a foreign company authorized to do and doing business in the State of Louisiana

    b. LANDSTAR RANGER, INC., ("LANDSTAR") upon information and belief, a foreign company authorized to do and doing business in the State of Louisiana;

    c. JAKE WATERBURY, ("Treadwell") upon information and belief, a person of the full age of majority and a resident of and domiciled in Pearland, Texas.

1

That the Defendants are liable to Plaintiff jointly and/or in solido for the following:

II.

That on or about April 24, 2021, Plaintiff Lisa Bullock driving her 2011 Hyundia Sonata traveling west on Interstate 10 in the Parish of St. Tammany, State of Louisiana.

III.

That on or about the same time, Jake Waterbury, was operating a 2011 International 18 Wheeler, with the permission and consent of its owner Landstar Ranger, Inc., also traveling west Interstate 10 in the Parish of St. Tammany, State of Louisiana.  Wheeler was transporting a wide load and straddling both lanes.

IV.

That on or about the same time and location, Jake Waterbury, suddenly and without warning, started to merge further into Plaintiff's lane of travel, striking the Plaintiff's passenger side with the left side of the 18 wheeler's load.

V.

That at all times described above, Plaintiff was in the left lane with a bridge rail immediately to her left, leaving Plaintiff nowhere to go to escape the 18-wheeler coming in to her lane.

VI.

The accident was the fault of Defendant Waterbury in the following non-exhaustive list of particulars:

a.      By striking the passenger side of the Bullock vehicle;
b.      By failing to operate a wide load safely;
c.      By operating a vehicle in a careless manner;
e.      By failing to maintain reasonable and proper control of said vehicle

upon a public road;

f.    In operating the vehicle under his control in a reckless and negligent manner;

g.    By failing to see what should have been seen;

h.    By driving too fast;

i.    By failing to use reasonable vigilance; and

j.    All other acts of fault which were the cause of the collision sued upon and will be shown at the trial of this matter.

VII.

That as a result of the aforesaid collision, Plaintiff, Lisa Bullock has sustained serious bodily injuries, including but not limited to her wrist, back, neck, head, shoulders and extremities, together with past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to the physicians' office, loss of enjoyment of life, loss of consortium, and past and future lost earnings and impaired earning capacity, and damages to his vehicle and property, all of which entitles Plaintiff to recover from Defendants such general and special damages as are reasonable in the premises.

VIII.

That as a result of the aforesaid collision, Plaintiff, Lisa Bullock's minor child, Makylah Bullock, has sustained bodily injuries, including but not limited to her wrist, back, neck, head, shoulders and extremities, together with past and future mental anguish and physical suffering, past and future expenses for medical care, including expenses for travel to the physicians' office, loss of enjoyment of life, loss of consortium, and past and future lost earnings and impaired earning capacity, and damages to his vehicle and property, all of which entitles Plaintiff to recover from Defendants such general and special damages as are reasonable in the premises.

IX.

Plaintiff shows that at all times mentioned hereinabove, there was in full force and effect a

policy of insurance issued by Republic Insurance and/or Landstar, in favor of Defendant Jake Waterbury providing Defendant Waterbury with insurance against the liabilities asserted by Plaintiff; accordingly, Defendants Republic Insurance, Landstar and Waterbury and are all liable individually, jointly, severally and/or in solido.

X.

That at all relevant times, Defendant Waterbury was acting in the course and scope of his employment with Defendant Landstar; and therefore, Landstar is liable for the negligent acts and omissions of its employee, Waterbury.

XI.

Jurisdiction is proper here under diversity jurisdiction as all parties are diverse.

XII.

That Makylah Bullock is a minor child who resides with her natural parent, tutor and guardian, plaintiff, Lisa Bullock and she wishes to enforce certain rights of the minor child and Plaintiff brings this action pursuant to CCP 4061.1(3) as the natural parent and tutor filing an action for damages without the necessity of qualifying as a tutor and filing a petition pursuant to Art. 4031.

**WHEREFORE**, Plaintiff, Lisa Bullock, individually and OBO her minor child Makylah Bullock, prays that the Defendants, LandStar Ranger, Inc. and Jake Waterbury, be cited and served with a copy of this Petition, that they be compelled to appear and answer same, and that after all legal delays and due proceedings had, there be judgment herein in favor of Plaintiff, and against LandStar Ranger, Inc. and Jake Waterbury individually, jointly, severally and/or in solido for all damages as are reasonable in the premises, for all costs of these proceedings, plus legal interest on

4

all amounts awarded from date of judicial demand until paid, and for any and all other general

and/or equitable relief as may be available under the circumstances.

RESPECTFULLY SUBMITTED,

BEN BROWN LAW GROUP, L.L.C.
630 NORTH CARROLLTON AVENUE
NEW ORLEANS, LOUISIANA  70119
(504) 564-7677
bbrown@benbrownlawgroup.com

*/s Benjamin Brown*

_____
BENJAMIN BROWN, NO. 29780

**MARTZELL, BICKFORD & CENTOLA,
A.P.C**

*/s/ Lawrence J. Centola, III*
**LAWRENCE J. CENTOLA, III (#27402)**
ljc@mbfirm.com
338 Lafayette Street
New Orleans, Louisiana 70130
(504) 581-9065
(504) 581-7635 (facsimile)

**COUNSEL FOR PLAINTIFF**

<u>**PLEASE SERVE:**</u>

1.    Old Republic Insurance Company
       By serving their registered agent for service of process:
       Louisiana Secretary of State
       8585 Archives Avenue
       Baton Rouge, LA 70809

2.    Landstar Ranger, Inc.
       By serving their registered agent for service of process:
       Louisiana Secretary of State
       8585 Archives Avenue
       Baton Rouge, LA 70809

5

**3.**   Jake Waterbury -   **VIA CERTIFIED MAIL**
         Via Louisiana Non-resident Motorist and Long Arm Acts
         By serving him at 2016 Leafwood Lane,
         Pearland, TX 77554